IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| GALE KEITH GEMBER, | ) | CASE NO. 4:07CV3173 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| v. | ) | AND ORDER |
| | ) | |
| CITY OF LINCOLN, NEBRASKA, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff, Gale Keith Gember, a nonprisoner, filed his pro se complaint on June 28, 2007. (Filing No. 1.) Plaintiff has been provisionally given leave to proceed in forma pauperis. The court now conducts an initial review of the complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e)(2).

**I.   INITIAL REVIEW OF COMPLAINT**

**A.   Summary of Complaint**

The plaintiff's complaint names the City of Lincoln, Nebraska, as the defendant. The plaintiff alleges that between early 2005 and May 2005, materials he had written that were in the possession of the Lincoln Public Libraries' Heritage Collection of Nebraska Authors were destroyed. He seeks damages for violation of his First Amendment rights, and requests appointment of counsel.

**B.   Applicable Legal Standards on Initial Review**

The court is required to review an in forma pauperis complaint seeking relief to determine whether summary dismissal is appropriate. See 28 U.S.C. §§ 1915(e)(2). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Thus, where a pro

se plaintiff can prove no set of facts that would entitle him to relief, the complaint must be dismissed. Conley v. Gibson, 355 U.S. 41, 45-46 (1967); Burke v. North Dakota Dept. of Corrections and Rehab., 294 F.3d 1043, 1044 (8th Cir. 2002).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993). A pro se plaintiff's allegations are liberally construed. Burke, 294 F.3d at 1043-44 (citations omitted). Further, a pleading may be amended one time "at any time before a responsive pleading is served." Fed. R. Civ. Pro. 15(a). Amended pleadings filed by a pro se plaintiff may be considered as supplemental to, rather than as superseding, the original pleading. NeCivR 15.1(b).

**C.     Discussion of Claims**.

The plaintiff alleges that the City destroyed his "writings and authored works formally found in the Heritage Collection of Nebraska Authors - Lincoln Public Libraries." Filing No. 1, p. 2. Read liberally, this statement may mean the plaintiff owned the writings at issue, and they were merely presented to or being held by the library when they were allegedly destroyed. The plaintiff also fails to allege specifically how the City is responsible for the destruction of the documents; that is, he has not alleged the basis for claiming the City had a duty to retain the documents or how it breached that duty.

The plaintiff appears to be alleging his First Amendment rights were violated because he presented or gave his writings to the City library, it did retain them in its Heritage Collection of Nebraska Authors, and then they were destroyed. However, public

libraries are not a public forum for speech--a public library does not "collect . . . books in order to provide a public forum for the authors of books to speak." U.S. v. American Library Ass'n, Inc., 539 U.S. 194, 205 (2003).

> [P]ublic libraries must have broad discretion to decide what material to provide to their patrons. Although they seek to provide a wide array of information, their goal has never been to provide "universal coverage." . . . Instead, public libraries seek to provide materials "that would be of the greatest direct benefit or interest to the community." . . . To this end, libraries collect only those materials deemed to have "requisite and appropriate quality."

U.S. v. American Library Ass'n, Inc., 539 U.S. at 204 (internal citations omitted). "[F]orum analysis and heightened judicial scrutiny are incompatible . . . with the discretion that public libraries must have to fulfill their traditional missions. Public library staffs necessarily consider content in making collection decisions and enjoy broad discretion in making them." U.S. v. American Library Ass'n, Inc., 539 U.S. at 205.

A city may be liable under section 1983 if its "policy" or "custom" caused a violation of the plaintiff's constitutional rights. Doe By and Through Doe v. Washington County, 150 F.3d 920, 922 (8th Cir. 1998)(citing Monell v. Department of Soc. Servs., 436 U.S. 658, 694 (1978). An "official policy" involves a deliberate choice to follow a course of action made from among various alternatives by an official who has the final authority to establish governmental policy. Jane Doe A By and Through Jane Doe B v. Special School Dist. of St. Louis County, 901 F.2d 642, 645 (8th Cir.1990)(citing Pembaur v. City of Cincinnati, 475 U.S. 469, 483 (1986)). To establish the existence of a governmental custom, a plaintiff must prove:

    1)    The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;

3

2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and

3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was the moving force behind the constitutional violation.

Jane Doe, 901 F.2d at 646.

The plaintiff's complaint alleges only that documents he wrote were destroyed and cannot be found at the City's library. The plaintiff has failed to allege that his works were destroyed pursuant to any official city policy or governmental custom, and he has failed to allege any loss of a property interest in the writings or any violation of his First Amendment rights. The plaintiff's complaint fails to state a claim against the City. However, the plaintiff will be afforded leave to file an amended complaint.

## II. APPOINTMENT OF COUNSEL

The plaintiff seeks the appointment of counsel. (Filing No. 1.) However, the court cannot routinely appoint counsel in civil cases. In Davis v. Scott, 94 F.3d 444, 447 (8th Cir. 1996), the Eighth Circuit Court of Appeals explained that "[i]ndigent civil litigants do not have a constitutional or statutory right to appointed counsel. . . . The trial court has broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel." Id. Having reviewed the plaintiff's complaint, the court finds that plaintiff's request for the appointment of counsel should be denied without prejudice.

IT IS ORDERED:

1. The Plaintiff is given until October 12, 2007, to file an amended complaint against the City of Lincoln, in the absence of which the plaintiff's complaint and this action will be dismissed without further notice;

2.     The Clerk of court is directed to set a pro se case management deadline in this case using the following text:  October 12, 2007–deadline for filing amended complaint; and

3.     Plaintiff shall keep the court informed of his current address at all times while this case is pending.  Failure to do so may result in dismissal without further notice.

DATED this 26th day of September, 2007.

                                        BY THE COURT:


                                        s/Laurie Smith Camp
                                        United States District Judge