IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **GALE KEITH GEMBER,** | ) | **CASE NO. 4:07CV3173** |
| | ) | |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM** |
| v. | ) | **AND ORDER** |
| | ) | |
| **CITY OF LINCOLN, NEBRASKA,** | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on Plaintiff's Notice of Appeal (Filing No. 11) and Motion for Leave to Appeal In Forma Pauperis. (Filing No. 12.) The court dismissed Plaintiff's claims in this matter on October 16, 2007. (Filing Nos. 9 and 10.) On November 30, 2007, Plaintiff filed his Notice of Appeal. (Filing No. 11.) Therefore, 44 days elapsed between the court's Judgment and the filing of Plaintiff's Notice of Appeal.

Federal Rule of Appellate Procedure 4 ("Rule 4") governs the time in which a notice of appeal must be filed. As set forth in Rule 4, a notice of appeal "must be filed with the district clerk within 30 days after the judgment or order appealed from is entered." Fed. R. App. P. 4(1)(1)(A). This time limit is mandatory and jurisdictional, and failure to file a timely notice of appeal deprives an appellate court of jurisdiction. *See, e.g., Lowry v. McDonnell Douglas Corp.*, 211 F.3d 457, 462-64 (8th Cir. 2000) (citations omitted). However, Rule 4 permits an extension of time in which to file an appeal if (1) such extension is requested within the "extension period," i.e., within 30 days after expiration of the appeal deadline; and (2) regardless of the "extension period," the appellant shows excusable neglect or good cause for the delayed filing of the appeal. Fed. R. App. P. 4(a)(5)(A).

In this matter, Plaintiff did not seek an extension of the time in which to file a notice of appeal. Regardless, an extension under Rule 4 would still be appropriate, provided that

the requisite showing of excusable neglect or good cause has been made. The Eighth Circuit has clarified "excusable neglect" as follows:

> [T]he determination ... is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. ... [T]hose circumstances ... include the danger of prejudice to the [non-moving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

*Lowry*, 211 F.3d at 462 (citation and quotation omitted).

Here, neither Plaintiff's Notice of Appeal nor his Motion for Leave to Appeal In Forma Pauperis shows excusable neglect or good cause. Indeed, Plaintiff has not stated any reason for his failure to file a timely notice of appeal. As such, Plaintiff's notice of appeal is untimely and is therefore invalid.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Notice of Appeal (Filing No. 11) is untimely;

2. Plaintiff's Motion for Leave to Appeal In Forma Pauperis (Filing No. 12) is denied as moot; and

3. The Clerk of the court is directed to forward a copy of this memorandum and order to the parties and to the Eighth Circuit Court of Appeals.

DATED this 3rd day of January, 2008.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge

2